# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION

| | |
|---|---|
| Patricia Newsome, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | |
| Augusta Collection Agency, Inc. ) | **COMPLAINT WITH** |
| ) | **JURY TRIAL DEMAND** |
| Defendant ) | |
| ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq.

## PARTIES

1. Plaintiff, Patricia Newsome, is a natural person who resides in Richmond County, Georgia.

2. Defendant, August Collection Agency, Inc, is a corporation formed under the laws of the State of Georgia.  Defendant may be served with process via

1

its registered agent, Brian S. Coursey at 7004 Evans Town Center Boulevard, Third Floor, Evans, Georgia 30809.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Augusta Division because the conduct complained of herein occurred in Richmond County which is in the Augusta Division.

## FACTUAL ALLEGATIONS

7. The Plaintiff has, over the last few years, fallen behind on a significant number of consumer accounts, mostly related to medical expenses, as a result of health issues and employment issues related to her condition.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant markets itself as having been "…collecting debt for nearly 50 years.  We started out as a small business in 1969.  Since that time we have grown to now service thousands of accounts.  No account is too small for us." http://augustacollectionagency.com/.  (Last visited August 3, 2020.)

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. For the last several months, the Plaintiff has been receiving collection calls and letters from a number of parties, including the Defendant.

14. The Plaintiff is desirous of getting control over her debt and working out a plan to resolve what she owes to various creditors. A critical part of this is obtaining clear information regarding each account and how each is being collected so that she can prioritize payment decisions.

15. As part of an ongoing effort to get her financial affairs in order, the Plaintiff obtained a copy of her credit report as published by Experian on July 1, 2020.

16. The noted that Defendant was reporting an account in collection with a balance of $969.00 that she did not recognize, or was unfamiliar with information, being reported by the Defendant.

17. On or about July 11 Plaintiff initiated a call to Defendant to obtain more information.

18. After confirming the Plaintiff's identity, Defendant's representative confirmed that the Defendant is collecting accounts for Gold Cross EMS totaling $1,686.73.

19. The Plaintiff was taken aback by this information as the amount relayed by Defendant was substantially higher than the amount she noted as reported delinquent on her credit report.

20. The Plaintiff asked if interest was accruing on the account. The Defendant's representative placed her on hold so that she could discuss the account with her supervisor. When she rejoined the Plaintiff, Defendant informed her Defendant was willing to "settle" the account. Defendant's representative went on to state that the settlement would require an up-front payment of $1,200.00. The Defendant went on to advise the Plaintiff that the collection calls would continue until the account was paid off.

21. The Plaintiff interpreted the Defendant's representations and use of the term "settlement" and "settle" to mean she could be subject to legal process.

22. The Plaintiff responded there is no way that she could make a payment of that amount to which the Defendant replied that it could set up a payment arrangement for her.

23. The Plaintiff then asked if she could be sued over this debt. The Defendant responded that 'yes, they can do a permission to sue.'

24. The Plaintiff understood the Defendant to mean that it could pursue litigation against the Plaintiff in the event she did not "settle the account" or enter into a payment arrangement agreeable to the Defendant.

25. The account reported by the Defendant and in collection is a medical debt for services rendered and thus an open account subject to a statute of limitations of four years per O.C.G.A. § 9-3-25.

26. Upon information and belief, the statute of limitations applicable to the Defendant's claim as reported to Experian expired no later than March 30, 2019.

27. Under Georgia law if the Plaintiff made partial payments toward the balance owed via a written instrument, such as a check or money order, it would revive the statute of limitations, much to the Plaintiff's detriment. O.C.G.A. §§ 9-3-112; 9-3-110; *SKC, Inc. v. eMag Solutions*, 326 Ga. App. 798, 801-802 (1) (755 SE2d 298) (2014).

28. The debt being collected is not owned by the Defendant.

## **INJURIES-IN-FACT**

29. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

30. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

31. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

32. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

33. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization of her making payments to resolve her debt. Moreover, the false representations that Plaintiff could be subjected to legal process caused her significant anxiety.

34. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

35. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) The Plaintiff incurred attorney fees prior to the filing of this action as a result of consulting with counsel related to the threat of litigation; and,

d.) Anxiety and worry caused by concern that Plaintiff was subject to suit if she did not agree to Defendant's settlement terms. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully stated herein.

### *Violations of 15 U.SC. § 1692e and its subparts*

37.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

38.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

39.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

40.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

41. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

42. Defendant's representations or implications that led Plaintiff to believe that she may be subject to legal process in connection with the debt in collection was objectively false and or materially misleading and a violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f. *Lopera v. Midland Credit Mgmt., Inc.*, 2016 WL 6650744 (M.D. Fla. Nov. 10, 2016) (denying dismissal of §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f claims based on letter offering to "resolve your unpaid" debt through payment plan, without disclosing that statute of limitations could be revived by partial payment or agreement to pay).

## TRIAL BY JURY

43. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 21st day of August, 2020.

                            **BERRY & ASSOCIATES**

                            */s/ Matthew T. Berry*
                            Matthew T. Berry
                            Georgia Bar No.: 055663
                            *matt@mattberry.com*
                            2751 Buford Highway, Suite 600
                            Atlanta, GA 30324
                            Ph. (404) 235-3300
                            Fax (404) 235-3333

                            *Plaintiff's Attorney*